HARDY, Judge.
This is an action by husband and wife for the recovery of damages resulting from personal injuries to the latter while a fare-paying passenger on a bus owned and operated by defendant. The case was tried be *638 fore a jury, which returned a verdict in favor of plaintiff husband in the principal sum of $723, and in favor of plaintiff wife in the sum of $3,750. Judgment was signed in accordance with the verdict and defendant has appealed.
The issues presented are factual, first, as relating to liability of defendant, and, second, the quantum of damages.
The accident occurred about noon of October 13,1956, in the 6100 block of Southern Avenue of the City of Shreveport. Defendant’s trolley bus was inbound and had been boarded by plaintiff, Minnie Yarberry, accompanied by her daughter, several blocks south of the point of the accident. These two passengers were seated on one of the short seats well to the rear of the bus on the right-hand side, and plaintiff, Minnie Yar-berry’s, position was next to the window.
Plaintiff’s version of the accident is that her right arm was resting on the ledge of the open window at the time the defendant’s bus stopped at the curb to pick up a passenger; that as the bus started to leave the loading space it came in contact with a telephone utility pole located some six or eight inches from the curb; that plaintiff’s arm was jarred from its position, caught between the bus and the pole, and, as a result, received a mashing injury, more pronounced in the forearm but extending into the right upper arm.
Despite the conflict in the testimony of the witness, there is no question as to the establishment of the facts: (1) that plaintiff, Minnie Yarberry, was a fare-paying passenger on the common-carrier, public transportation vehicle of defendant; (2) that she sustained an injury at the time and place alleged. At the moment of occurrence of the injury, plaintiff cried out in pain, and her exclamation was heard by a number of passengers, and apparently by the operator of defendant’s bus, who immediately brought the vehicle to a stop, went back to plaintiff’s position in the bus, made a cursory examination of her injury, left the bus, telephoned for instructions, and then proceeded to the downtown section of Shreveport, where he was met at the passenger stop in front of the Court House by one of defendant’s supervisors.
Both plaintiff and her daughter testified that the bus came in contact with the utility pole, and the daughter testified that the swerve of the bus, or the impact with the pole, was of sufficient violence to throw her from the seat and to the floor of the bus. Obviously to the surprise of defendant’s counsel, several of defendant’s witnesses, who were passengers on the bus, corroborated plaintiff’s testimony in some degree, asserting that they had heard a thud or bump just prior to plaintiff’s cry of pain.
As opposed to plaintiff’s contentions it is strenuously insisted on behalf of defendant that it has established the impossibility of contact between a bus and the utility pole at the location of the accident. In support of this position it is argued that the testimony of defendant’s witnesses serves to establish that there were no marks of contact either on the side of the bus or the pole; that the location of the pole is at least six to eight inches removed from the curb; that there was no sudden movement of the bus, which was at all times under proper control of the operator. From these facts counsel for defendant deduces the conclusion that the injury was caused by plaintiff’s negligence in permitting her arm to protrude from the window of the bus to such an extent that it came into contact with the utility pole. This, at best, is a conclusion which remains completely unjustified insofar as material facts were actually established.
Unquestionably, the jury which heard the testimony was convinced that the Negro woman, Minnie Yarberry, had succeeded in establishing her contention as to the cause and nature of the occurrence of the accident. Our careful examination of the record fails to disclose manifest error, as to 'this factual conclusion.
The burden of care which is placed upon a common carrier is too well known and *639 understood to necessitate elaboration. The principles involved were elucidated at some length, and the controlling authorities were considered and discussed, in Coleman v. Shreveport Railways Co., La.App., 86 So.2d 590. Another case heard by this court, very similar both as to the facts and the law involved, was Jakubec v. Southern Bus Lines, Inc., La.App., 31 So.2d 282. The only material difference in the established facts of the Jakubec case and the cause now under consideration relates to the marks of contact evidenced by the vehicle involved in the Jakubec case, whereas the evidence in the instant case does not establish the existence of such physical indications of contact.
Proceeding to a consideration of the quantum of the awards, we are impressed with the fact that the allowance in favor of plaintiff husband is somewhat excessive, inasmuch as plaintiffs did not succeed in establishing either a basis of need for continuing medical attention or for the loss of earnings. We think the amount allowed should be reduced to the sum of $423, which represents the actual medical expenses attributable to or connected with the injury suffered.
With reference to the allowance of damages in favor of the plaintiff wife, it must be concluded that although hospitalization was not necessary, there was a considerable period of pain and suffering and resulting disability. The principal injuries, of course, were connected with the crushing or pinching injury to the right arm, and it was necessary for the attending physician to perform a number of minor operations for the removal of blood clots or hema-tomas. It is strenuously urged by counsel for defendant that plaintiff’s claims, resulting from development of bursitis and high blood pressure, should be disallowed. In this connection the evidence of the attending physician is sufficient to relate the development of bursitis to the trauma which was the direct result of the accident. As to the claim which is predicated upon high blood pressure, we think plaintiff has failed to acceptably establish a causal relationship between this complaint and the accident. The record discloses that plaintiff had suffered from high blood pressure some two years, more or less, prior to the accident, but there is no basis for comparison of her condition at or immediately prior to the accident with that which developed sometime subsequent thereto. For this reason, notwithstanding the fact that the trauma and resultant shock may have adversely affected plaintiff’s condition in this respect, we must, nevertheless, conclude that a direct connection with the accidental injuries has not been established with that certainty which is required.
After careful consideration, particularly of the testimony of plaintiff and her attending physician, we are of the opinion that the award of the court is somewhat excessive and should be reduced.
For the reasons assigned the judgment appealed from is amended by reducing the amount of the award in favor of plaintiff, Sidney Yarberry, to the principal sum of $423, and the award in favor of plaintiff, Minnie Yarberry, to the principal sum of $3,000, and, as amended, the judgment appealed from is affirmed at appellant’s cost.